**HYDE & SWIGART, APC**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
2221 Camino Del Rio South, Suite 308
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorneys for Plaintiff,*
Martin Trim

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARTIN TRIM, individually and on behalf of others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**GLOBAL CREDIT & COLLECTION, INC. d/b/a AFFINITY GLOBAL,**<br><br>Defendant. | Case No: **'19CV1205 LAB WVG**<br><br>CLASS ACTION<br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:<br><br>1. NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227<br>2. KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. Martin Trim ("Plaintiff"), individually and on behalf of all others similarly situated ("Class Members"), brings this action, individually and on behalf the Class Members, for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently or intentionally contacting Plaintiff and Class Members on their cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby further invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on his personal knowledge.

8. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

9. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

3

Class Action Complaint

10. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## JURISDICTION & VENUE

11. This Court has federal question jurisdiction because this case arises out of violation of federal law: TCPA, 47 U.S.C. § 227 et seq.

12. This court has personal jurisdiction over Defendant because Defendant conducts business in California and maintains sufficient contacts with the state.

13. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2), because Defendant transacts business in this district and the acts and omissions alleged occurred while Plaintiff was physically located in the County of San Diego, State of California, in this judicial district.

## PARTIES & DEFINITIONS

14. Plaintiff is, and at all times mentioned herein was, a natural person and resident of the State of California, County of San Diego.

15. Defendant is, and at all times mentioned herein was, a corporation registered in the state of Delaware with its principal place of business in Toronto, Canada.

16. Defendant is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(39) and Cal. Pen. Code § 632(b).

## FACTUAL ALLEGATIONS

17. Prior to the filing of this action, Plaintiff obtained representation from attorney Daniel G. Shay ("Attorney").

18. Sometime thereafter, but before August 2, 2017, Attorney, on behalf of Plaintiff, sent each of Plaintiff's creditors a letter via mail and fax requesting they cease and desist from contacting Plaintiff regarding any alleged financial obligations Plaintiff may owe.

19. Each of Attorney's letters contained an explicit revocation from Plaintiff of any consent Plaintiff may have previously given to Plaintiff's creditors to call Plaintiff's cellphone using an automated telephone dialing system ("ATDS") or pre-recorded voice.

20. Upon information and belief, at some point prior to August 2, 2017, one of Plaintiff's creditors in receipt of Plaintiff's cease and desist letter assigned, placed, or otherwise transferred Plaintiff's account to Defendant.

21. Thus, upon information and belief, Defendant knew or should have known of Plaintiff's express revocation of consent to be contacted including via an ATDS or with a pre-recorded voice.

22. Despite this knowledge, on August 2, 2017, Defendant called Plaintiff on his cellular telephone. Defendant called from the telephone number (866) 276-2679.

23. When Plaintiff answered the call, he heard a pre-recorded voice that said, "Press any key on your telephone now. This is a personal business matter that we need to speak to you directly about."

24. After the pre-recorded voice repeated its message twice, Plaintiff heard a clicking noise, and then the call terminated.

25. This is a common sign of the use of an ATDS, as an ATDS will drop the call if nobody presses a button and will dial the next number on its stored list.

26. Upon information and belief, Defendant has a policy and regular practice of placing calls to consumers using a pre-recorded or automated voice or an ATDS.

27. The TCPA clearly prohibits making non-emergency calls "using any [ATDS] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . .." 47 U.S.C. § 227(b)(1)(A). The statute provides for $500.00 in statutory damages for each negligent violation, *id.* § 227(b)(3)(B). However, if the court finds that the defendant "willfully or

knowingly" violated the TCPA, it can award up to $1,500 in statutory damages. *Id.*

28. This suit seeks only damages and injunctive relief for recovery of economic injury, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

29. Plaintiff was personally affected by Defendant's actions because Defendant's use of an ATDS and pre-recorded voice forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing him to silence his cell phone and/or block incoming numbers.

30. Plaintiff was further personally affected because he was frustrated and distressed that despite the cease and desist letter, Defendant continued to harass Plaintiff with calls using an ATDS and pre-recorded voice.

31. Defendant, upon information and belief, used an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

32. Upon information and belief, Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

33. Upon information and belief, Defendant's ATDS also has the capacity to and does, dial telephone numbers stored as a list or in a database without human intervention.

34. Plaintiff's cellular telephone, which Defendant called, was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

35. The unwanted telephone call constitutes a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

36. Plaintiff did not provide express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

37. Further, if Plaintiff had provided consent, Plaintiff specifically revoked such consent when Attorney, on behalf of Plaintiff, sent a cease and desist letter to Defendant.

38. Plaintiff is informed and believes and here upon alleges, that this call was made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

39. Moreover, Plaintiff is informed and believes and here upon alleges, that Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for the Defendant's benefit, "willfully or knowingly" utilized a pre-recorded voice in conjunction with its ATDS in violation of well-established federal law prohibiting such conduct.

40. As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

41. Plaintiff seeks statutory damages and injunctive relief under 47 U.S.C § 227(b)(3).

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this lawsuit as a class action on behalf of himself and Class Members of the proposed classes pursuant to Federal Rules of Civil Procedure 23(a), (c)(5), and (b)(3) and/or (b)(2). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

43. Plaintiff proposes the following class, consisting of and defined as follows:

> All persons in the United States whose cellular telephones were called using a pre-recorded voice and/or an automated telephone dialing system by Defendant and/or its agent/s within the two years prior to the filing of the Complaint.

7

Class Action Complaint

44. Excluded from the Class Members are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

45. Plaintiff reserves the right to redefine the classes and to add subclasses as appropriate based on discovery and specific theories of liability

46. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant called thousands of class members nationwide and recorded those calls during the class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

47. <u>Commonality</u>: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

    - Whether, within the statutory period Defendant placed any call to the Class Members using an ATDS or pre-recorded voice;

    - Whether Defendant had, and continues to have, a policy during the relevant period of placing calls to the Class Members using an ATDS or pre-recorded voice;

    - Whether Defendant used, and continues to use, an ATDS to make automated phone calls to Class Members

    - Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violation; and

- Whether Defendant should be enjoined from engaging in such conduct in the future.

48. <u>Typicality</u> Plaintiff has had to suffer the burden of receiving phone calls from an ATDS using a pre-recorded voice. Thus, his injuries are also typical to Class Members.

49. Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant harassed Plaintiff and Class Members by illegally calling their cellular phones using a pre-recorded voice and an ATDS. Plaintiff and Class Members were damaged thereby.

50. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the Telephone Consumer Protection Act. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

51. <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

52. <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:

    a.    Class-wide damages are essential to induce Defendant to comply with Federal law.

    b.    Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.

    c.    Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

    d.    Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

    e.    Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

    f.    Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.

53. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.

54. The Class may also be certified because:

- the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;

- the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their

- ability to protect their interests; and
- Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

55. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

56. The joinder of Class Members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court. The Class Members can be identified through Defendant's records.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. § 227**

57. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

59. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

///

///

///

///

11

Class Action Complaint

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

## 47 U.S.C. § 227

61. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

63. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray that judgment be entered against Defendant, and Plaintiff and the Class be awarded damages from Defendant, as follows:

- Certify the classes as requested herein;
- Appoint Plaintiff to serve as the Class Representative for the classes; and
- Appoint Plaintiff's Counsel as Class Counsel in this matter for the classes.

In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendant:

- Special, general, compensatory and punitive damages;
- Injunctive relief, prohibiting such conduct in the future;
- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
- Any other relief the Court may deem just and proper including interest.

### TRIAL BY JURY

72.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART, APC**

Date: June 27, 2019

By: *s/ Yana A. Hart*
Yana A. Hart Esq.
yana@westcoastlitigation.com
Attorneys for Plaintiff

13

Class Action Complaint